(87 Misc. Rep. 67)

HAUG v. HEWITT.

(Supreme Court, Special Term, Kings County. September, 1914.)

GUARDIAN AND WARD (§ 15*)—PROCEEDS OF SUIT—DISPOSITION—BOND.

On a settlement of an action brought on behalf of an infant, the court will not direct payment of the proceeds, less attorney fees, to the infant's general guardian, appointed without bond pursuant to Code Civ. Proc. § 2650, but, on approving the settlement, will direct that such proceeds be turned over to the guardian only on giving a satisfactory bond, to be approved by the justice, in twice the amount of the sum received, or will direct that the proceeds be paid into court.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 56–64; Dec. Dig. § 15.*]

Action by August Haug, an infant, by Magdalena Haug, as guardian ad litem, against Mary E. Hewitt. On application for leave to compromise claim on behalf of the infant. Ordered according to opinion.

Walter L. Durack, Jr., of Brooklyn, for applicant.

BENEDICT, J. In this case, an action brought on behalf of an infant, I am asked to approve a settlement agreed upon between the plaintiff's special guardian and the defendant, and to direct that the amount thereof, less attorney's fees, be paid to the infant's general guardian, who, as I understand from counsel's statement, has been appointed by the Surrogate's Court, without bond, pursuant to the provisions of section 2650 of the Code of Civil Procedure, as enacted in the Surrogate's Practice Act of 1914 (Laws 1914, c. 520), which took effect on September 1st.

In my opinion it is not for the best interests of the infant that his property should be turned over to a guardian who has not given a bond, despite the precautionary provisions of the section just referred to. The question therefore arises whether this court is obliged to direct that the sum in question should be paid to the guardian. I think that

no such obligation rests upon this court. The "general jurisdiction in law and equity," which the Supreme Court possesses under the Constitution (article 6, § 1; Code Civ. Proc. § 217), includes the powers formerly exercised by the Court of Chancery with respect to the persons and property of infants. Thus in Matter of Hubbard, 82 N. Y. 90, Judge Andrews said:

"The jurisdiction of the Court of Chancery over the persons and property of infants, and to appoint guardians of the persons and estates, whatever may have been its origin, is universally conceded, and it is one of the most useful and important functions which it is called upon to exercise. Story, Eq. Juris. § 1327 et seq. The power formerly possessed in this state by the Chancellor is now vested in the Supreme Court, which exercises, through its judges, the same jurisdiction over infants in awarding the custody and care of their persons and property as was possessed and exercised by that officer. Wilcox v. Wilcox, 14 N. Y. 575."

See, also, 3 Pom. Eq. Juris. (3d Ed.) § 1303 et seq.; Veeder v. Horstmann, 85 App. Div. 154, 161, 83 N. Y. Supp. 99.

The statutes conferring upon Surrogate's Courts power to appoint and control guardians of infants have in no way impaired the powers of the Supreme Court in this respect. Indeed, it has been held that the Supreme Court may, in the interest of the infant, award the custody of the person of the infant to some person other than the guardian appointed by the Surrogate's Court. Wilcox v. Wilcox, supra. See, also, People ex rel. Cornelius v. Callan, 69 Misc. Rep. 187, 124 N. Y. Supp. 1074.

A fortiori the same power exists with respect to the custody and control of an infant's property. I have not found any case in which this precise question has been determined, owing doubtless to the requirement heretofore existing that a guardian appointed by a Surrogate's Court should give a bond; but now that that requirement has been dispensed with by statute it devolves upon the Supreme Court to say whether property of the infant under the control of the Supreme Court shall be allowed to pass into the hands of such a guardian. In my opinion this court should not assent to any such arrangement. I will approve the settlement and direct the proceeds to be turned over to the guardian, to be administered by her under the direction of this court, upon her giving a satisfactory bond, to be approved by me, in twice the amount of the sum to be received, or I will direct the proceeds to be paid into this court.

Ordered accordingly.